IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MAURICE BULLOCK, #189070, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:11-CV-966-MHT |
| | ) | [WO] |
| | ) | |
| KENNETH JONES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Maurice Bullock ["Bullock"], an indigent state inmate, challenging conditions of confinement at the Bullock Correctional Facility.  The defendants filed answers and special reports, supported by relevant evidentiary materials, in which they addressed the plaintiff's claims for relief.  On May 22, 2012, Bullock filed a response to the defendants' reports. *Doc. No. 53*.  In this response, Bullock requests "this court to dismiss with prejudice [his claims] against all defendants except Warden Jones and Captain Jenkins...." *Id*. at 2.  Bullock further seeks dismissal of his claims against defendants Jones and Jenkins without prejudice. *Id*.  The court therefore construes this portion of the plaintiff's response as a motion to dismiss.  On July 19, 2012, the plaintiff filed an additional motion to dismiss (Doc. No. 55) seeking dismissal of this case on the same terms as those set forth in his previous response.

Upon consideration of the plaintiff's motions to dismiss, the court concludes that these motions should be granted.

## II.  DISCUSSION

To the extent that Bullock seeks dismissal with prejudice of his claims against the majority of the defendants, the court finds that the requested dismissal is appropriate. With respect to the claims against defendants Jones and Jenkins, dismissal without prejudice at the insistence of the plaintiff pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure is committed to the sound discretion of this court and, absent some plain legal prejudice to the defendants, denial of the dismissal constitutes an abuse of this court's discretion. *McCants v. Ford Motor Company, Inc.*, 781 F.2d 855 (11th Cir. 1986). Simple litigation costs, inconvenience to the defendants, and/or the prospect of a second or subsequent lawsuit do not constitute clear legal prejudice.  *Id*.  *See also Durham v. Florida East Coast Railway Company*, 385 F.2d 366 (5th Cir. 1967).  After thorough review of the pleadings filed by the parties, the court concludes that the plaintiff's claims against defendants Jones and Jenkins are due to be dismissed without prejudice.

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's motions to dismiss be GRANTED.

2.  The plaintiff's claims against Sgt. Hampton, Mrs. King, Edward Haynes, Solomon Hillman, Jay King, Frederick Moore and Rebecca Bonner be dismissed with prejudice.

3.  The plaintiff's claims against Warden Kenneth Jones and Capt. Jenkins be dismissed without prejudice.

4.  This case be dismissed.

5.  No costs be taxed herein.

It is further

ORDERED that on or before August 3, 2012, the parties may file objections to this Recommendation.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 20th day of July, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

3